UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        CASE NO: 8:17-CV-1270-T-30TBM

ANSLEY M. ADAMY,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Summary Judgment (Dkt. 8). On July 21, 2017, the Court entered an Order to Show Cause directing *pro se* Defendant Ansley M. Adamy, who had failed to timely respond to the motion, to file a response by August 3, 2017; otherwise, the Court would assume Adamy did not oppose the motion (Dkt. 9). To date, Adamy has failed to file a response, or any other paper. Accordingly, based on the motion and record evidence, the Court grants Plaintiff's motion and enters final judgment in Plaintiff's favor and against Adamy in the total amount of $58,588.78 ($35,650.09 for unpaid principal, $21,973.69 for unpaid interest, $45.00 for costs, and $920.00 for reasonable attorney's fees).

## BACKGROUND

On May 26, 2017, Plaintiff United States of America filed its complaint against Defendant Ansley M. Adamy containing one count of failure to pay pursuant to 28 U.S.C.

§ 1345. (Dkt. 1). Plaintiff alleges that Defendant owes a debt to the United States, specifically, a student loan guaranteed by the Department of Education of the United States of America. The complaint attaches the Certificate of Indebtedness, certifying the amount of Defendant's debt according to U.S. Department of Education records. (Dkt. 1). As of May 5, 2017, the debt consists of $35,650.09 in principal and $21,973.69 in accrued interest. (Dkt. 1).

On June 21, 2017, Adamy filed her answer to the complaint. (Dkt. 7). She did not raise any affirmative defenses.

Defendant moves for summary judgment on the complaint. Defendant's motion is supported by the Promissory Note Adamy executed on July 27, 2005, and the Certificate of Indebtedness. (Dkts. 8-1, 8-2). Defendant argues that the record is undisputed that Adamy defaulted on her obligation to pay. The Court agrees.

## **STANDARD OF REVIEW**

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248

(1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *See id.*

When a motion for summary judgment is unopposed, as it is here, a district court cannot base the entry of summary judgment on the mere fact that there is no opposition, but, rather, must consider the merits of the motion. *See Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam). The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. *See id.* In addition, so that there can be an effective review of the case on appeal, the district court's order granting summary judgment must "indicate that the merits of the motion were addressed." *Id.*

## **DISCUSSION**

The Court reaches the merits of the United States' motion and concludes that it should be granted. The record is undisputed that Defendant defaulted on her obligation to pay. Defendant's answer did not raise any affirmative defenses. And, by failing to respond to the motion for summary judgment, Defendant does not dispute the record evidence.

The Court also concludes that the United States' request for $45.00 in costs and $920.00 in attorney's fees is reasonable.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Summary Judgment (Dkt. 8) is GRANTED.

2. The Clerk of Court is directed to enter final judgment in favor of Plaintiff and against Defendant in the amount of $58,588.78. This judgment shall accrue post-judgment interest at the legal rate until paid in full.

3. All pending motions are denied as moot.

4. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on August 4, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record